**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAO MEE XIONG, | ) | 1:10cv01135 AWI DLB |
| | ) | |
| | ) | |
| | ) | ORDER REGARDING |
| Plaintiff, | ) | PETITION FOR FEES |
| | ) | |
| v. | ) | (Document 31) |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on a petition for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed on December 28, 2011, by Plaintiff Pao Mee Xiong ("Plaintiff"). Defendant filed an opposition on January 27, 2012, arguing that the fee request is unreasonable and should be reduced. Plaintiff filed a reply on February 10, 2012.

The matter is currently before the Court on the parties' briefs, which were submitted to the Honorable Dennis L. Beck, United States Magistrate Judge.

**BACKGROUND**

Plaintiff filed the instant complaint challenging the denial of benefits on April 24, 2010.

On August 2, 2011, the Court issued Findings and Recommendations that the action be remanded. The Findings and Recommendations were adopted on September 29, 2011, and the action was remanded for further proceedings.

The Court entered judgment in Plaintiff's favor on September 29, 2011.

1

By this motion, Plaintiff seeks a total of $11,038.66 for 61.5 hours of attorney time. In opposition, Defendant contends that the requested fees are unreasonable and suggests that the Court award between $5,349.68 and $6,169.49.

In her reply, Plaintiff requested an additional $1,805.90 for 10 hours of attorney time spent in preparation of the reply.

## DISCUSSION

Under the EAJA, a prevailing party will be awarded reasonable attorney fees, unless the government demonstrates that its position in the litigation was "substantially justified," or that "special circumstances make an award unjust." 28 U.S.C. § 2412 (d)(1)(A). An award of attorney fees must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). A court has wide latitude in determining the number of hours reasonably expended. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988).

Plaintiff requests a total of $12,844.56 for attorney time spent in litigating this action. This breaks down to a total of 71.5 attorney hours billed at 2010, 2011 and 2012 rates. In support of her request, Plaintiff submits itemizations of time spent by (1) Mr. Wilborn, from March 28, 2010, through February 9, 2012; and (2) Ms. Bosavanh, from March 25, 2010, through February 10, 2012.

A.  *Ms. Bosavanh's Time*

    1.  Duplicative Work

This Court has been presented with numerous EAJA fee requests from Ms. Bosavanh and Mr. Wilborn and is familiar with the roles each plays in representing the client. As the Court has previously noted, Mr. Wilborn performs a majority of the research and brief writing and the Government should not be forced to pay increased fees simply because Ms. Bosavanh has

decided to employ another attorney to write the pleadings. Therefore, certain time spent performing duplicative work will not be compensated.[1]

Defendant first objects to 1.2 hours billed on March 25, 2010, to "Receive AC denial; review AC denial and ALJ decision and assess for merits of federal court appeal." Defendant contends that because Mr. Wilborn is the actual brief writer and spent 1.25 hours doing the same thing just three days later, Ms. Bosavanh's time was duplicative and unnecessary. Defendant does not dispute Mr. Wilborn's 1.25 hours, calling it "reasonable . . . since Ms. Bosavanh depends upon his expertise in choosing cases and briefing them." Opposition, at 3. Although Mr. Wilborn writes the briefs, however, Ms. Bosavanh, as the initial contact attorney, is entitled to assess the merits of an action she is ultimately responsible for. Mr.Wilborn's 1.25 hours is not opposed and, for this reason, will be allowed.[2] To reduce compensation for duplicative efforts, the Court cuts Ms. Bosavanh's time to .5 hours.

Defendant next objects to the 1.2 hours billed on December 6, 2010, to "Receive and check contents of transcript." The Court has previously explained that this is duplicative based on Mr. Wilborn's role as the main researcher and writer. There is no indication that Mr. Wilborn was unable to determine if the record was complete. Therefore, this time will not be allowed.

---

[1] In addition to the Eastern District of California, it appears that the District of Oregon has questioned Mr. Wilborn's duplicative billing. In *Roxbury v. Comm'r*, 2011 WL 6718959 (D.Or. 2011), the Commissioner objected to tasks performed by both Tim Wilborn and Ralph Wilborn. Tim Wilborn drafted the initial fee application but Ralph Wilborn performed a bulk of the fee dispute work by drafting the reply. Ralph Wilborn billed 10.75 hours in part for "re-reading Plaintiff's memorandum." Tim Wilborn argued that it was necessary for Ralph Wilborn to re-read the memorandum before drafting a reply because he did not write it. Noting that Plaintiff had two attorneys working on her case, the court found that "dividing work in such a manner unnecessarily added to the amount of time to draft the reply" and was an "inefficient division of labor." *Id.* at *1. The court also found time spent by Tim Wilborn in reviewing the fee opposition and drafting the reply to be duplicative, based on Ralph Wilborn's role as the main reply writer. A notice of appeal was filed on December 21, 2011, and an appeal is therefore pending.

[2] The Court has previously disallowed time for Mr. Wilborn for these tasks based on duplication of efforts, while awarding it to Ms. Bosavanh. Here, however, Defendant did not object to his time and the Court therefore adjusted its analysis accordingly.

Defendant also objects to the 1.0 billed on June 3, 2011, to "Receive and review defendant's opposition to plaintiff's opening brief and email Attorney Wilborn." This time is duplicative given Mr. Wilborn's role as the brief writing and will not be allowed.[3]

Finally, Defendant requests that the total 4.5 hours spent in reviewing Mr. Wilborn's Confidential Letter Brief, Opening Brief and Reply be reduced to 1.5 hours. This Court has explained that Ms. Bosavanh is the attorney of record and signs pleadings submitted to Court, and she is therefore entitled to review the documents prior to signing them. To remain consistent in the time awarded, the Court will allow .5 hours for each document. Accordingly, the total 4.5 hours is reduced to 1.5 hours.

Plaintiff suggests that this reduction of time is contrary *Moreno v. City of Sacramento,* 534 F.3d 1106, 1114-1115 (9th Cir. 2008), where the Ninth Circuit found certain factors considered by the district court in calculating an hourly rate under 42 U.S.C. § 1988 impermissible. The district court reduced the hourly rate from $300 to $250 "in part because it thought that other firms could have staffed the case differently" by using a less skilled attorney for document review. *Moreno*, at 1114. The Ninth Circuit held that the court could not set the fee based on such "speculation" and that "[m]odeling law firm economics drifts far afield of the *Hensley* calculus and the statutory goal of sufficiently compensating counsel in order to attract qualified attorneys to do civil rights work." *Id*. at 1115.

Even assuming that this rational would apply equally to EAJA fee determinations, the Court has not run afoul of *Moreno*. In *Moreno*, the district court speculated, without support, as to how a law firm *could* have staffed a case and based on that speculative finding, reduced the hourly rate. Here, the Court is not basing any reduction on speculation, but rather on the *fact* that Ms. Bosavanh and Mr. Wilborn are performing duplicative work. In all of this Court's rulings on Ms. Bosavanh's fee requests, the Court has acknowledged that certain duplication is necessary and awarded fees accordingly. *See eg.*, Moreno, 534 F.3d at 1112 (explaining that some duplication is necessary and inherent in the process of litigating an action over time). *Moreno*

---

[3] In the past, the Court has not allowed time for Ms. Bosavanh's review of Defendant's response to the Confidential Letter Brief for the same reasons. In this action, however, Defendant did not challenge this time (.2 hours billed on March 4, 2011).

4

does not alter the principle that excessive, redundant, or otherwise unnecessary time is not compensable, nor does it absolve this Court of its responsibility to determine the reasonableness of a request.

      2.      Non-Compensable Tasks/Excessive Time Requested

Defendant objects to the total of 1.0 hours[4] spent in telephone calls/conferences with the client or the client's interpreter. Defendant objects based on counsel's failure to comply with the Court's prior instruction to provide sufficient details of the telephone conferences and "because numerous telephone calls are not necessary for prosecuting an appeal based on a closed administrative record." Opposition, at 5.

The Court disagrees that a total of six phone calls over the course of almost two years is too "numerous" to warrant compensation. However, the entries that simply state "teleconference" with client or interpreter, without more, are insufficiently detailed and will not be compensated. In the reply, counsel states that "most" calls are about the case status and explains the general mindset of most clients. Reply, at 11. The Court agrees that an attorney should be compensated for discussing the status of a case with a client and will allow the entries that so specify. The remaining entries, however, are too vague to allow for analysis and Plaintiff's description that "most" telephone calls were about status does not provide additional detail. Accordingly, the Court will allow a total of 0.6 hours for time spent on October 7, 2010, February 10, 2011, and June 3, 2011.

Defendant next objects to a total of 2.1 hours spent reviewing ECF notifications and other filings as excessive. The Court has previously explained that reviewing Court documents is a necessary attorney tasks, but has questioned the *total* amount of time spent on such tasks resulting from the method of billing in one-tenth of an hour increments. Here, counsel has billed a total of 2.1 hours based on 16 entries for simply glancing at common Court documents. This time is excessive and the Court finds that 1.0 hours is reasonable compensation.

---

[4] Defendant incorrectly calculates the total time from April 5 and 7, 2010, October 7, 2010, February 10, 2011, April 27, 2011, and June 3, 2011, as 0.7 hours.

Plaintiff cites *Lingenfelter v. Astrue*, 2009 WL 2900286 (C.D. Cal. 2009), to support her argument that the method of billing in one-hour increments is standard and, presumably, should be compensated in total. In *Lingenfelter*, the Court noted that counsel billed in one-quarter of an hour increments, which was contrary to the standard one-tenth of an hour recommended by the State Bar. Counsel's method of billing therefore resulted in "excessive time logged for the services rendered." *Id.* at *3. The court in *Lingenfelter* did not, however, suggest that had counsel billed in the proper format, all time would be allowed.

Regardless of whether Plaintiff bills in the standard format, logging 0.1 repeatedly for reviewing simple documents results in "significant additional time [] claimed which is not typically expended." *Id.* For example, Plaintiff billed 0.1 hour on each of five separate days for reviewing "return receipt from U.S. Attorney," reviewing Defendant's consent, reviewing another return receipt, reviewing the notice of lodging of transcript and reviewing the acknowledgment of receipt. This resulted in .5 hours claimed for reviewing simple documents that required no more than quick review. The Court finds that reviewing the request for "reasonableness" requires an analysis based on the total time spent reviewing documents.

Next, Defendant objects to a total of 2.3 hours spent reviewing service of process and related tasks, and preparing extensions of time. Defendant suggests that Plaintiff should be awarded between 0.1 hours and 0.3 hours. Plaintiff, in reply, concedes 2.0 hours and the Court therefore will award 0.3 hours for these tasks.

Finally, Defendant objects to the 1.5 hours spent preparing and electronically filing the complaint and related documents. As this Court has found on numerous occasions, a Social Security complaint is a simple document with little client-specific information. Accordingly, the Court finds that 1.0 hour is reasonable compensation for these simple and routine tasks.

    3.    EAJA Motion

Defendant objects to the 1.5 hours spent on December 27, 2011, in preparing the EAJA fee time document and reviewing the EAJA motion and related documents. Defendant points to this Court's recent finding that the EAJA motions, and even the billing statement, prepared by Ms. Bosavanh in numerous actions are extremely similar. The Court again notes that the instant

billing statement and EAJA motion are almost identical to those filed previously. According, Ms. Bosavanh will therefore be allowed .5 hours for these tasks.

In the supplemental request for fees submitted with the reply, Ms. Bosavanh requests an additional 5.0 hours for time spent reviewing and analyzing the opposition and drafting the EAJA reply. Although Ms. Bosavanh recorded a total of 10.0 hours, she only requests compensation or 5.0 hours.

Counsel is entitled to fees for time spent in EAJA litigation. *Comm'r INS v. Jean*, 496 U.S. 154 (1990). Based on the billing declarations, it appears that Ms. Bosavanh and Mr. Wilborn each crafted a portion of the reply. This, however, resulted in duplicative work by Ms. Bosavanh and Mr. Wilborn as both reviewed and analyzed the opposition. The Court will therefore deduct one hour from Ms. Bosavanh's time to account for this duplication. Given that the reply in EAJA fee motions contains most, if not all, of Plaintiff's arguments based on the applicable burdens, the Court finds that 4.0 hours is reasonable.

Ms. Bosavanh is therefore entitled to a total of 10.9 hours.

B.   *Mr. Wilborn's Time*

   1.   Merits Briefing

Mr. Wilborn requests a total of 42.25 hours for time worked in preparation of the Confidential Letter Brief, Opening Brief and Reply Brief. Rather than object to specific entries, Defendant contends that the total amount of time billed is excessive. Defendant cites the short transcript, which consisted of only 160 pages of medical records, and the routine issues presented. Defendant also cites this Court's past treatment of Mr. Wilborn's EAJA requests.

Rather than focus on the total amount of time spent, the Court has generally examined each portion of the representation. For example, Mr. Wilborn spent 8.5 hours analyzing the ALJ's decision, analyzing the administrative record and preparing the Confidential Letter Brief. Mr. Wilborn spent an additional 20 hours preparing the Opening Brief. The Court has often noted that preparing the Confidential Letter Brief likely frames the issues and allows some cross-over for the Opening Brief. This suggests that an additional 20 hours for the Opening Brief is excessive. While the Court appreciates the need to re-examine materials, analyze the

1   Commissioner's response to the Letter Brief and spend additional time preparing the Opening
2   Brief, an additional 20 hours is excessive.
3       The Opening Brief, excluding the table of contents, was 35 pages and presented 6 well-
4   developed issues.  In fact, the Court found in favor of Plaintiff on a majority of the issues.  Based
5   on the prior time spent in preparation of the Confidential Letter Brief and the relatively routine
6   nature of the issues presented in the Opening Brief, however, the Court finds that this time
7   should be reduced by 5.0 hours.  This will compensate Mr. Wilborn for an additional 15 hours
8   for preparing the Opening Brief.
9       According to his billing statement, Mr. Wilborn spent 12.5 hours on the Reply Brief.  As
10  this Court has explained previously, Mr. Wilborn often unnecessarily repeats arguments in the
11  reply that were already thoroughly presented in the Opening Brief.  In this action, however, a
12  majority of the 20 page reply responded to arguments made by Defendant in his lengthy
13  opposition.  While Plaintiff is allowed to respond to Defendant's arguments and there were
14  numerous issues, spending 12.5 hours on a reply is excessive.  The Court finds that 10 hours is
15  reasonable compensation.
16      2.      EAJA Motion
17      Finally, Mr. Wilborn requests 1.5 hours for time spent in preparation of the EAJA fee
18  petition and his itemized time declaration.  As the Court explained above, repeated rulings on
19  Plaintiff's attorneys' petitions have revealed the similar nature of their EAJA petitions and
20  billing statements.  The Court will allow .5 hours for these tasks.
21      In the supplemental request for fees submitted with the reply, Mr. Wilborn requests an
22  additional 5.0 hours for time spent reviewing and analyzing the opposition and drafting the EAJA
23  reply.  Although Mr. Wilborn recorded a total of 6.0 hours, he only requests compensation or 5.0
24  hours.
25      Given that the reply in EAJA fee motions contains most, if not all, of Plaintiff's
26  arguments based on the applicable burdens, the Court finds that 5.0 hours is reasonable.
27      Mr. Wilborn is therefore entitled to a total of 40.25 hours.
28

# **AWARD**

Plaintiff's motion is GRANTED.  Plaintiff is entitled to an award in the total amount of $9,169.63 broken down as follows:

Ms. Bosavanh:

2010:  3.7 hours at $175.06 per hour = $647.72

2011:  3.2 hours at $179.51 per hour = $574.43

2012:  4.0 hours at $180.59 per hour = $722.36

Mr. Wilborn:

2010:  1.25 hours at $175.06 per hour = $218.83

2011:  34.0 hours at $179.51 per hour = $6,103.34

2012:  5.0 hours at $180.59 per hour = $902.95

This amount is payable to Plaintiff pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).

IT IS SO ORDERED.

Dated:   **February 21, 2012**                              **/s/ Dennis L. Beck**
                                                              UNITED STATES MAGISTRATE JUDGE